UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:18CV-00201-JHM

MANAGEMENT REGISTRY, INC.                                              PLAINTIFF

V.

MARIA CALVETTI
and STAFFING NETWORK HOLDINGS, INC.                                    DEFENDANTS

CIVIL ACTION NO. 3:18CV-00202-JHM

MANAGEMENT REGISTRY, INC.                                              PLAINTIFF

V.

STARR DELIA
and STAFFING NETWORK HOLDINGS, INC.                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On April 1, 2018, Plaintiff Management Registry, Inc. filed these two actions against Defendant, Staffing Network Holdings, Inc., and two former employees, Maria Calvetti and Starr Delia bringing numerous claims related to Calvetti's and Delia's alleged breach of their employment agreements. On April 2, 2018, Management Registry moved for a temporary restraining order to enforce the noncompetition, nonsolicitation, nondisclosure, and nonrecruitment clauses in those agreements. The Court held a telephonic hearing on April 5, 2018, on the motions for temporary restraining order. Counsel James M. Morris participated in the hearing on behalf of Plaintiff. Chad Propst entered a special appearance on behalf of Defendants and participated in the hearing. Initially, after examining the complaints and on its own motion, the Court **CONSOLIDATES** the two cases. All further pleadings shall be filed in Civil Action No. 3:18CV-00201-JHM.

To determine whether a temporary restraining order should issue under Fed. R. Civ. P. 65(b), the Court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) (quoting Tumblebus Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir. 2005)). See Mich. State AFL-CIO v. Schuette, 847 F.3d 800, 803 (6th Cir. 2017). It is unnecessary for the Court to make findings regarding each factor if "fewer are dispositive of the issue." In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985) (citing United States v. School Dist. of Ferndale, Mich., 577 F.2d 1339, 1352 (6th Cir. 1978)). The party seeking [the temporary restraining order] bears the burden of justifying such relief. Michigan Catholic Conference & Catholic Family Servs. v. Burwell, 755 F.3d 372, 382 (6th Cir. 2014) (quoting McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012)) (internal quotation marks omitted).

The Court finds that the balance of these factors weighs toward issuing a temporary restraining order. First, Management Registry has demonstrated a strong likelihood of success on the merits at this juncture. Under Kentucky law, covenants not to compete "'are valid and enforceable if the terms are reasonable in light of the surrounding circumstances.'" ISCO Industries, Inc. v. Shugart, 2014 WL 2218116, *3 (W.D. Ky. May 28, 2014)(quoting Crowell v. Woodruff, 245 S.W.2d 447, 449 (Ky. 1951)). To be enforceable, "the restraint must be 'no greater than reasonably necessary to' prevent unfair competition by the employee or his subsequent employer." Id. Here, both Calvetti's and Delia's employment agreements appear to be reasonable prohibiting them from disclosing confidential information and for a period of two years from soliciting Plaintiff's customers, recruiting its employees, and competing with it.

2

These clauses appear to be reasonable. See Cent. Adjustment Bureau, Inc. v. Ingram Assocs., Inc., 622 S.W.2d 681, 685-86 (Ky. Ct. App. 1981)(finding two-year nationwide restriction on competition reasonable).[1] Thus, the first factor weighs in favor of issuing a temporary restraining order.

Second, the Court finds it probable that Plaintiff will suffer irreparable harm absent relief. The Sixth Circuit provides that "[t]he likely interference with customer relationships resulting from the breach of a non-compete agreement is the kind of injury for which monetary damages are difficult to calculate." Tenke, 511 F.3d at 550. "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." Basicomputer Corp., 973 F.2d at 512. See also Genesis Med. Imaging, 2008 WL 4180263, *9 (E.D. Ky. Sept. 5, 2008); Stryker Corp. v. Bruty, 2013 WL 1962391, *6 (W.D. Mich. May 10, 2013); Kelly Services, Inc. v. Noretto, 495 F. Supp. 2d 645 (E.D. Mich. 2007). Plaintiff has alleged competitive injuries of this sort. Accordingly, the second factor weighs in favor of a temporary restraining order.

The third factor in determining whether to issue a temporary restraining order is "whether . . . the [order] would cause substantial harm to others." Tenke, 511 F.3d at 550–51. In the instant case, there is no indication that a temporary restraining order enforcing the terms of the parties' Agreements would cause any harm to third parties. In considering the balance of hardships between the parties, the Court finds that at this time there does not appear to be a risk of harm to Plaintiffs. For instance, defense counsel in emails to plaintiff's counsel indicated that

---

[1] See also ISCO Indus., 2014 WL 2218116, *3(citing Gardner Denver Drum LLC v. Goodier, 2006 WL 1005161, *2, *8 (W.D. Ky. Apr.14, 2006) (finding reasonable three-year prohibition against employee working with any business that competes with former employer in the United States); Ceresia v. Mitchell, 242 S.W.2d 359, 361, 364 (Ky. 1951) (affirming trial court's reformation of noncompete agreement preventing a former business owner from competing against new business owner for a period of ten years in the local area); Hodges v. Todd, 698 S.W.2d 317, 318–20 (Ky. Ct. App. 1985) (finding trial court had authority to determine appropriate geographic scope for a five-year prohibition on former business owner competing in business of remanufacturing of pickup trucks and trailers, implicitly holding the a five-year temporal limitation was reasonable).

Calvetti and Delia were not soliciting, nor did they intend to solicit, any of Plaintiff's customers or employees. Thus, the Court finds that by restraining Plaintiffs to refrain from doing what they indicate they are not doing will not harm them.

The final factor the Court must evaluate is "whether the public interest would be served by the issuance of the [restraining order]." Tenke, 511 F.3d at 551. "[T]he public interest is always served in the enforcement of valid restrictive covenants contained in lawful contracts." First Energy Sols. Corp. v. Flerick, 521 Fed. Appx. 521, 529 (6th Cir. 2013). Thus, this factor weighs in favor of Plaintiff as well.

Having considered these factors, the Court finds that a temporary restraining order is appropriate.

**IT IS HEREBY ORDERED** that Plaintiff Management Registry, Inc.'s Motions for Temporary Restraining Order [DN 6, 3:18CV-00201-JHM, DN 4, 3:18CV-00202-JHM] are **GRANTED**.

1. Maria Calvetti and Starr Delia are **ENJOINED** from selling or soliciting temporary employment and staffing related business to customers and clients within their former geographic locations (specifically seventy-five (75) mile radius of any geographic or market area wherein they were employed or engaged in activities related to their employment with Management Registry, which would include business locations in Arizona, Illinois, Indiana, Kentucky, and Minnesota) that were either (i) serviced by Management Registry and/or AllStaff during their last two years of Management Registry employment or (ii) part of Management Registry's database and about whom Management Registry had gathered Proprietary Information;

2. Maria Calvetti and Starr Delia are **ENJOINED** from violating the nondisclosure provision of their Employment Contract;

3. Maria Calvetti, Starr Delia, and Staffing Network Holdings are **ENJOINED** from misappropriating MRI's trade secrets;

4. Staffing Network Holdings is **ENJOINED** from benefiting from or causing Calvetti or Delia to work in violation of their Employment Contract, including but not limited to the non-compete, non-solicitation, and non-disclosure provisions of that Contract;

5. Despite the mandatory language of Fed. R. Civ. P. 65(c), "the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security." Appalachian Regional Healthcare, Inc. v. Coventry Health and Life Ins. Co., 714 F.3d 424, 431 (6th Cir. 2013)(quoting Moltan Co. v. Eagle–Picher Indus., Inc., 55 F.3d 1171, 1176 (6th Cir. 1995)). Accordingly, the Court will consider the issue of security at the time it addresses the motion for preliminary injunction.

**IT IS FURTHER ORDERED** that a hearing on the Motions for Preliminary Injunction is **SET** for **April 19, 2018 at 10:00 a.m. EST**, United States Courthouse, Louisville, Kentucky.

**IT IS SO ORDERED** this the 5th day of April, 2018 at 4:00 PM. CST.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record
Elliot Richardson: erichardson@koreyrichardsonlaw.com
Michele Dougherty: mdougherty@koreyrichardsonlaw.com
Chad Propst: cpropst@tmslawplc.com